IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., D/B/A CMS TECHNOLOGIES AND CHRIMAR HOLDING COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>ADTRAN, INC., *et al.*,<br><br>Defendants. | Case No. 6:15-cv-00618-JRG-JDL<br><br>LEAD CASE |

## AEROHIVE'S STATEMENT REGARDING CHRIMAR'S OBJECTIONS TO CERTAIN EXPERT OPINIONS OF EXPERT JAMES T. GEIER

Chrimar takes issue with certain non-infringement opinions of Aerohive's expert James T. Geier with respect to the claim term "path coupled across," as well as the Court's previous ruling with respect on Chrimar's Motion to Strike Certain Opinions of Defendants' Expert James T. Geier [ECF 707].

In his report, Mr. Geier advances two arguments on "path coupled across." First, he applies the Court's construction of the term "path coupled across" as "path permitting energy transfer." Mindful of the Court's construction, Mr. Geier tested certain accused products for a "path permitting energy transfer." Geier Rebuttal Rpt. ¶¶ 119-134. Mr. Geier's testing results indicated no path coupled across. His opinion, therefore, is that Chrimar failed to meet its burden of proof on infringement. It is important for the jury to hear about Mr. Geier's testing because— even to this day—Chrimar's technical expert, Dr. Madisetti, has not located the actual circuitry for a "path permitting energy transfer" in any of the accused products. Nor has Dr. Madisetti identified schematics or source code showing how the alleged "path" is fully implemented. This is the so-called "multi-meter testing" argument.

Mr. Geier's expert report included additional opinions which Chrimar has characterized as an "operational state" defense. In particular, he arguably took the position that there could be no infringement of accused access points until those devices are actually turned-on and operating. Geier Rebuttal Rpt. ¶ 119. Since Chrimar asserts only direct infringement as to the '012 patent, he took the position that there would be no direct infringement when the access points were sold.

In Aerohive's view, Judge Love permitted the "multi-meter testing" argument but excluded the "operational state" argument. In particular:

> The opinions of Dr. Negus and Mr. Geier that provide the same non-infringement positions based on the fact that accused products are not in use when shipped, or certain claim elements are not met because the devices are not in an operational state in the box, are no more persuasive here. Such testimony will not be permitted at trial. The Court, however, will not strike any expert testing using multimeters on this basis.

Order [ECF 717]. Chrimar's objections to Mr. Geier's testimony misconstrues the Court's Order. A sensible reading is that Judge Love recognized that Mr. Geier was advancing two arguments as to the term "path coupled across." He excluded the "operational state" argument but not the "multi-meter" argument. Indeed, it would have made little sense for Judge Love to have permitted multi-meter testing if there was no non-infringement defense based on that testing.

Moreover, Chrimar—as the Plaintiff—bears that burden of proving infringement. Mr. Geier merely performed tests which cast doubt on whether Chrimar had met its burden. Mr. Geier did so while expressly acknowledging the Court's claim construction.

Chrimar's reliance on the Court's Memorandum Opinion and Order regarding summary judgement from the *Alcatel-Lucent Case* is misleading. There, the Court found that while ALE failed to respond to Chrimar's evidentiary showing, enough questions regarding the sufficiency of Chrimar's infringement evidence remained such that summary judgment should be denied. *Alcatel-Lucent Case*, Dkt. No. 255 at 9-10 (E.D. Tex. Aug. 23, 2016). For example, the Court found that "ALE raise[d] questions regarding Chrimar's expert's testing and whether inductance, as required by the standard, was properly measured by the tester used by Chrimar's expert." *Id.* Similarly, here, Mr. Geier challenges Chrimar's expert's testing and performs his own tests.

Date: January 4, 2016

By: *Ryan R. Smith*
Ryan R. Smith (SBN 229323)
Mary Procaccio-Flowers (SBN 286936)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
rsmith@wsgr.com
mprocaccioflowers@wsgr.com

*Counsel for Defendant Aerohive Networks, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on January 4, 2016 with a copy of this document via the Court's CM/ECF system.

                                            */s/ Ryan R. Smith*
                                            Ryan R. Smith